WM. W. CHIPMAN and GIDEON AUGHINBAUGH, Appellants, v. MARTIN C. BRIGGS and JAMES McGOWAN, Respondents.

Where a tract of land sold for a gross sum—is described by specific boundaries, and as containing so many acres, more or less—the vendor cannot recover for the overplus, if, in a survey it be ascertained that more land is contained in the tract than the precise amount named in the deed.

APPEAL from the District Court of the Third Judicial District, Alameda County.

The following are the facts as found by the Court :

The action was brought to compel the defendants to re-convey certain land alleged in the complaint to have been deeded through mistake. The deed described the tract as containing thirteen and one-half acres, more or less. After the conveyance, a survey for the first time was made of the property, and it was found to contain eighteen and one-half acres. Prior to the sale, plaintiffs at different periods represented the tract to contain from ten to sixteen acres. Before the sale, plaintiffs had sold all the adjoining lands, leaving this strip unconnected with any other tract. On the day of making the deed, and before the same was made, the defendants objected to completing the purchase until the tract should be surveyed ; they were assured by Chipman, one of the plaintiffs, that the tract contained at least thirteen and one-half acres. The contract was, that neither party should be responsible for excess of land or deficiency. The land was sold in gross, and not by the acre, and the exact quantity of land was not an essential element in the bargain. The Court gave judgment for the defendants, and plaintiffs appealed

A. M. Crane and J. B. Townsend, for Appellants.

The judgment of the Court below was erroneous, and cited Sutton v. Dillage, 3 Barb., 529. Burr v. Feeder, 3 Wend., 412. Franklin Bank v. Raymond, 3 Wend., 69. 1 Vesey, 317. 3 Bro. Ch. C., 454. 5 Vesey, 595. 6 Ib., 333. Rosevelt v. Fulton, 1 Con., 133. Ship-

pen v. Swan, 2 Bibb, 82.  1 Dev. Eq. R., 379.  Mowatt v. Wright, 1 Wend., 355.  Smith v. Smith, 4 Bibb, 81.  Young v. Craig, 2 Bibb, 270 ; 20 Wend., 174.  Champlain v. Layton, 18 Wend., 407.

*Noutre & Johnson,* for Respondents.

1.  The finding of the Court below on the facts, is conclusive.  Griswold v. Sharp, 2 Cal., 17.  Brown v. Graves, Ib., 118.  Ingraham v. Gildermester, Ib., 483.

2.  The finding is in accordance with the law.  4 Kent's Com., 466. 2 Johns. R., 37.  Morris Canal Co. v. Emmet, 9 Paige, 168.  1 Story's Eq. Jurisp., §§ 146, 149, 150.  Powell v. Clark, 5 Mass., 355. Snow v. Chapman, 1 Root, 528.  Glen v. Glen, 4 S. & R., 488.  1 Ib., 166.  Smith v. Evans, 6 Binney, 102.  Tweford v. Warecup, Finch 310.  2 Freeman, 107.

MURRAY, C. J., delivered the opinion of the Court.  HEYDENFELDT, J., concurred.

Where a tract of land sold for a gross sum is described by specific boundaries, and as containing so many acres, more or less—the vendor cannot recover for the overplus, if on a survey it be ascertained that more land is contained in the tract than the precise amount named in the deed.

In this case there, does not appear to have been an understanding for the sale of any exact quantity of land.

. The findings of fact by the Court below, are conclusive upon the right of the appellant.

Judgment affirmed, with costs.